1  THE SEHAT LAW FIRM, PLC
2  Cameron Sehat, Esq. (SBN 256535)
   Monica Santiago-Reyes, Esq. (SBN 339807)
3  19800 MacArthur Blvd, Suite 1000
4  Irvine, CA 92612
5  Telephone: (949) 825-5200
   Facsimile: (949) 313-5001
6  Email: cameron@sethatlaw.com

7
   Attorneys for all Plaintiffs
8

9             **UNITED STATES DISTRICT COURT**
10            **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| VANESSA SANCHEZ, Individually And As Estate Representative To Adrian Sanchez; K.S. And Z. S., Both Minors, Individually And As Estate Representatives By And Through Their Guardian Ad Litem Vanessa Sanchez; E.S., J. S., D. S. and E. S., All Minors, Individually And As Estate Representatives By And Through Their Guardian Ad Litem Stephen Solis; M.D. And L.D., Individually And As Estate Representative By And Through Their Guardian Ad Litem, Lourdes Doyle; TINA SETTERBERG, Individually; RAUL SANCHEZ JR., Individually;<br>                          Plaintiffs,<br>     v.<br><br>COUNTY OF LOS ANGELES; A Governmental Entity;<br>KENNETH BORBON, Individually; and DOES 1 through 10,<br><br>                          Defendants. | Case No.:  22-603<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**<br><br>**2. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**<br><br>**3. Battery (State)**<br><br>**4. Negligence (State)**<br><br>**5. Failure to Train (42 U.S.C. § 1983)**<br><br>**6. Violation of Bane Act (Cal. Civ. Code §52.1)**<br><br>**7. 14th Amendment-Substantive Due Process**<br><br>**DEMAND FOR JURY TRIAL** |

Comes now, Plaintiffs for their complaint against Defendants County of Los Angeles, Kenneth Borbon and DOES 1 through 10, and alleges as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the August 11, 2021 encounter between Defendant Kenneth Borbon, County of Los Angeles, DOES 1 through 10, and Decedent Adrian Sanchez.

## PARTIES

2. At all relevant times, Plaintiff VANESSA SANCHEZ is the spouse of Adrian Sanchez, and mother to K. S., Z. S. , E.S, J.S., D.S., E.S., M.D. and L.D.. and successor-in-interest to Adrian Sanchez, hereinafter referred to as "SANCHEZ" or "Mr. Sanchez", the decedent. VANESSA SANCHEZ is acting individually and as personal representative of the estate of Adrian Sanchez.

3. At all relevant times, Plaintiffs K. S. and Z. S. are minor children of Adrian Sanchez and successors-in-interest to his estate. Plaintiffs are acting by and through their Guardian Ad Litem, VANESSA SANCHEZ, in their own individual capacities and as estate representatives.

4. At all relevant times, Plaintiffs E.S., J.S., D. S. and E. S., are minor children of Adrian Sanchez and successor-in-interest to his estate. Plaintiffs are acting by and through their Guardian Ad Litem, Stephen Solis, both in their own individual capacities and as estate representatives.

5. At all relevant times, Plaintiffs M. D. and L.D., are minor children of Adrian Sanchez and successor-in-interest to his estate. Plaintiffs are acting by and through their Guardian Ad Litem, Lourdes Doyle, both in their own individual capacities and as estate representatives.

6. At all relevant times, Plaintiff TINA SETTERBURG is the mother of Adrian Sanchez, and is acting in her own individual capacity.

7. At all relevant times, Plaintiff RAUL SANCHEZ is the father of Adrian Sanchez, and is acting in his own individual capacity.

8. At all relevant times, Defendant County of Los Angeles "COUNTY" is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, COUNTY was the employer of Defendants DOES 1 through 5 ("DOE DEPUTIES"), who were COUNTY sheriff's deputy, and DOES 6 through 10 ("DOE SUPERVISORS"), who were managerial, supervisorial, and policymaking employees of the COUNTY sheriff's department.

9. At all relevant times, Defendants BORBON was duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as Sheriff's Deputy and with the complete authority and ratification of their principal, Defendant COUNTY.

10. At all relevant times, Defendants DOE SUPERVISORS were duly authorized employees and agents of the COUNTY, who were acting under color of law within the course and scope of their respective duties as Police Deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

11. At all times relevant, Defendants DOE DEPUTIES, and DOE SUPERVISORS were duly appointed deputies and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

12. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant herein.

13. The true names of Defendants DOES 1 through 10, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of

these Defendants when they have been ascertained. Each of the fictitious named Defendants are responsible in some manner for the conduct and liabilities alleged herein.

14. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE DEPUTIES, and DOE SUPERVISORS were acting on the implied and actual permission and consent of COUNTY.

## JURISDICTION AND VENUE

15. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth Amendment of the United States Constitution, as well as by California state laws. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b), as all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles and within the Central District of California.

17. Pursuant to California Government Code §910 et seq., a government Tort Claim on behalf of plaintiffs D.S., E.S, E.S, J.S., K.S., L.D., M.D., and Z.S., was forwarded to the County of Los Angeles on August 26, 2021 and rejected on October 11, 2021. Vanessa Sanchez' claim was forwarded on August 27th, 2021 and rejected on October 18, 2021. Their tort claim was. Accordingly, Plaintiffs filed the present lawsuit.

18. Pursuant to California Government Code §910 et seq., a government Tort Claim on behalf of plaintiffs of Tina Setterburg and Raul Sanchez Jr., was forwarded to the County of Los Angeles on November 5, 2021. Their tort claims were rejected on December 6, 2021. Accordingly, Plaintiffs filed the present lawsuit.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20. On or about August 11, 2021, SANCHEZ was travelling southbound on the 5 freeway when he was pulled over by defendant BORBON for an apparent expired tag near the Templin Hwy exit.

21. While SANCHEZ complied and pulled over. Defendant BORBON decided to take SANCHEZ out of his vehicle and place him in the back of his patrol car.

22. For reasons unknown, Deputy BORBON placed SANCHEZ in the back of his patrol car, un-handcuffed.

23. Upon information and belief, Deputy BORBON claims to go back to SANCHEZ' vehicle, to presumably, conduct a search of the vehicle. Upon arriving at the vehicle, BORBON, now for the first time, notices a handgun in the driver's seat. Without securing the alleged handgun, Deputy BORBON then returns to his patrol vehicle to place SANCHEZ under arrest. While he opens the back seat door, BORBON claims that SANCHEZ pushed him out of the way, a brief struggle ensued, then SANCHEZ escaped and fled on foot away from his vehicle through an access road adjacent to the freeway.

24. Deputy BORBON then asserts he got into his vehicle and followed SANCHEZ who was on foot at this point. BORBON then observed SANCHEZ run back in the direction of SANCHEZ' vehicle where the claimed gun was still located.

25. Deputy BORBON exits his own vehicle and now chases SANCHEZ on foot, as SANCHEZ enters his own vehicle and begins to drive. Deputy BORBON, upon information and belief, then lunges into the open driver side and a physical altercation takes places between the he and BORBON, who is now partially laying on top of SANCHEZ inside the driver side of the vehicle.

26. SANCHEZ manages to put the vehicle into drive, and performs a half circle path of travel from the service road, through the fence separating the freeway, then immediately back into the service road and comes to a stop after colliding into an embankment at low speed.

27. After the vehicle came to a rest, upon information and belief, BORBON asserts that he tried to tase SANCHEZ, and per autopsy reports, shot the back of SANCHEZ' neck with the taser darts, likely from very close range as he is still in a physical altercation in the driver seat area with Sanchez in the driver seat.

28. Dep. BORBON claims the Taser was ineffective, so he unholsters his firearm, while in close and physical contact with SANCHEZ, to presumably shoot him. SANCHEZ who was not posing the level of threat warranting deadly force, nor had he reached for any handgun, based on BOURBON's story, now attempts to reach for BORBON's own handgun, presumably to prevent getting shot at.

29. BORBON claims while he is inside the driver seat with SANCHEZ, pulls the trigger of his firearm once, striking SANCHEZ at close range; however, BORBON also claims his firearm malfunctioned after the first shot, but apparently the gun worked just fine after that since he fired off seven (7) more rounds in rapid sequence. BORBON claims that SANCHEZ had reached for his own gun, which curiously he never reached for the entire time, until just after BORBON fires his first shot. The shooting apparently took place at very close range since moments prior to, BORBON was in physical contact with SANCHEZ.

30. However, SANCHEZ' autopsy findings tell a different tale. The forensic examination of SANCHEZ' body did not reveal any soot nor stippling which one would expect to find if the gun was fired at a close range. This finding tends to indicate that BORBON shot SANCHEZ from a distance, likely from a slightly elevated position, from outside of the vehicle, while SANCHEZ was still in the driver seat since all of the gunshot wounds patterns were created in a downward and left to right direction of travel.

31. A separate investigation by Mr. Sanchez' family reveals that the eight (8) shots *did not take* place in one temporally continuous span of time, contrary to BORBON's version of the shooting, but rather they were fired during two distinct periods of time. Neither did BORBON shoot SANCHEZ at such close range, nor was SANCHEZ reaching for the deputy's handgun as claimed, or that he was reaching for any other claimed handguns.

32. In sum, BORBON's use of deadly force, shooting SANCHEZ eight times, in an execution style shooting was excessive and over-the-board, as SANCHEZ never posed the level of threat necessary to use deadly force, when he was attempting to flee from deputy BORBON.

33. The autopsy reports indicates that SANCHEZ died from eight (8) gunshot wounds, and noted numerous bruising and hematomas consistent with multiple blunt force trauma to this head, face, chest, arms, lower torso and legs.

### FIRST CLAIM FOR RELIEF
### UNREASONABLE SEARCH AND SEIZURE-EXCESSIVE FORCE (42 U.S.C. § 1983)

34. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1-33 of this Complaint with the same force and effect as if fully set forth herein.

35. The unreasonable use of force by deputy BORBON, including the eight deadly shots and multiple blunt force trauma and tasing at close range, despite SANCHEZ not posing an imminent threat, deprived him of his right to be secure in their person against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36. All unreasonable seizures that preceded the shooting constituted reckless and intentional escalations of the situation which directly led to the shooting, therefore rendering the aforementioned Defendants liable under an excessive escalation theory.

37. DOE Deputies are liable because they were integral participants in these violations, or failed to intervene to prevent these violations.

38. As a result, SANCHEZ suffered pain, agony and suffering , including the loss of his life and the enjoyment of his life, all of which survive his death under 42 U.S.C. §1983 allowable damages.

39. The conduct of BORBON and DOE Deputies was willful, wanton, malicious, and done with reckless disregard for SANCHEZ's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

40. Plaintiffs' as successor in interest seeks wrongful death damages, compensatory and survival damages under this claim. Plaintiff further seek punitive damages and reasonably attorney's fees under 42 USC §1988.

## SECOND CLAIM FOR RELIEF
### MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM/POLICY/PRACTICE & RATIFICATION (42 U.S.C. § 1983)

41. Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered 1-33 of this Complaint with the same force and effect as if fully set forth herein.

42. On and for some time prior to August 1, 2021 (and continuing to the present date) Defendants COUNTY, DOE Deputies, and DOE SUPERVISORS, deprived Plaintiffs and SANCHEZ of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiffs and SANCHEZ, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized COUNTY custom, policy, and practice of:

(a) Employing and retaining as sheriff's deputies and other personnel, including Defendants BORBON and DOE deputies who Defendants COUNTY

and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY sheriff's Department policies and for using excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY sheriff's deputies, and other COUNTY personnel, including Defendants DOE DEPUTIES, who Defendants COUNTY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOES 1-5, who are COUNTY Police Deputies;

(d) By having and maintaining an unconstitutional custom and practice of using excessive force, and covering up police misconduct. These customs and practices by COUNTY and DOE SUPERVISORS were condoned by said Defendants in deliberate indifference to the safety and rights of its civilian, including Plaintiff and SANCHEZ.

43. By reason of the aforementioned policies and practices of Defendants COUNTY and DOE SUPERVISORS, Plaintiffs have suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

44. Defendants COUNTY and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable

effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

45. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard for the well-being of Plaintiffs and their constitutional as well as human rights. Defendants COUNTY and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

46. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY and DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the Plaintiffs injuries.

47. Accordingly, Defendants COUNTY and DOE SUPERVISORS each are liable to Plaintiff Cindy SANCHEZ for compensatory damages under 42 U.S.C. § 1983 and for survival damages.

### THIRD CLAIM FOR RELIEF
### BATTERY

48. Plaintiffs hereby repeat, re-state, and incorporate each and every allegation in paragraphs 1-33 of this Complaint with the same force and effect as if fully set forth herein.

49.  DOES deputies and deputy BORBON, while working as sheriff's deputy for the County of Los Angeles Sheriff's  Department, and acting within the course and scope of their duties, intentionally used force against Decedent SANCHEZ, including but not limited to using a taser, causing multiple blunt force trauma and firing eight shots. DOE Deputies and BORBON had no legal justification for

using deadly force against Decedent SANCHEZ, and the use of force while carrying out his police duties was unreasonable.

50. Decedent SANCHEZ suffered harm and died, and Plaintiffs' decedent, SANCHEZ suffered harm, as a direct and proximate result of the conduct of DOE deputies and BORBON as alleged above.

51. COUNTY is vicariously liable for the wrongful acts of DOE deputies and BORBON pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

52. The conducts of BORBON and DOE deputies was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling Plaintiff to an award of exemplary and punitive damages.

53. Plaintiffs seeks wrongful death damages in their individual capacity, and survival damages as successors-in-interest to Decedent under this claim and attorney's fees under state law, and punitive damages.

54. Under the recently passed *Senate Bill 447*, Plaintiffs, as a successor-in-interest, will also recover for any pre-death pain, suffering and disfigurement that Adrian Sanchez endured before his death. Such survival damages are now recoverable under this newly enacted statute.

### FOURTH CLAIM OF RELIEF
### NEGLIGENCE

55. Plaintiffs hereby repeat, re-state, and incorporate each and every allegation in paragraphs 1-33 of this Complaint with the same force and effect as if fully set forth herein.

56. The actions and inactions of COUNTY employees, including BORBON and DOE DEPUTIES were negligent and reckless, including but not limited to: (a) the failure to properly and adequately assess the need to detain, arrest, and use

-11-

force against Decedent SANCHEZ; (b) the negligent pre-shooting tactics and handling of the incident by deputy BORBON; (c) the negligent detention, arrest, and use of force against Decedent SANCHEZ; (d) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect Decedent SANCHEZ' rights; (e) the negligent handling of evidence; and (f) the negligent communication of information during the incident.

57. Decedent suffered harm and died, and Plaintiffs suffered harm, as a direct and proximate result of COUNTY employees' conduct as alleged above.

58. COUNTY is vicariously liable for the wrongful acts of its employees, including DOE deputies, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

59. The conduct of COUNTY employees, including DOE DEPUTIES, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, and Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

60. Plaintiff Cindy SANCHEZ seeks wrongful death damages in their individual capacity, and survival damages as successors-in-interest to Decedent under this claim.

61. Under the recently passed *Senate Bill 447*, Plaintiffs, as a successor-in-interest, will also recover for any pre-death pain, suffering and disfigurement that Adrian Sanchez endured before his death. Such survival damages are now recoverable under this newly enacted statute.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO TRAIN (42 U.S.C. § 1983)

62. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1-33 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

63. Defendants COUNTY and DOE supervisors possessed the power and authority to hire and fire employees of the COUNTY Sheriff's Department and based upon information and belief and negligently hired BORBON and DOE DEPUTIES as police deputies, entrusted them with the following duties: protect citizens, conduct reasonable investigations based upon reasonable beliefs that persons have been harmed, or property has been stolen or destroyed, and cause persons who commit crimes on property to be arrested.

64. By virtue of the foregoing, Defendants owed Plaintiff and Decedent a duty of due care, and that duty was breached by Defendants' negligent and careless manner in hiring, training, supervising and retaining by, among other things: a) Failing to adequately train its deputies in the use of force, as well as constitutional limitations in the use of force; b) Failing to adequately train its deputies in identifying a person that presents a threat of force or violence, as opposed to one that does not; c) Failing to adequately investigate background, training and experience as a officer and his propensity for violence; d) Failing to provide adequate supervisory control over the actions of its deputies in regard to adequate training, supervision, equipment, planning, oversight, and administration; e) Failing to control the conduct of its deputies who have a known propensity for violence and in failing to discipline its deputies; f) Failing to investigate in good faith, allegations of excessive and unreasonable use of force by its deputies; g) Failing to discipline its deputies who use excessive and unreasonable force; and h) Sanctioning, condoning and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty. As a direct and proximate

## FIFTH CLAIM FOR RELIEF
## FAILURE TO TRAIN (42 U.S.C. § 1983)

62. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1-33 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

63. Defendants COUNTY and DOE supervisors possessed the power and authority to hire and fire employees of the COUNTY Sheriff's Department and based upon information and belief and negligently hired BORBON and DOE DEPUTIES as police deputies, entrusted them with the following duties: protect citizens, conduct reasonable investigations based upon reasonable beliefs that persons have been harmed, or property has been stolen or destroyed, and cause persons who commit crimes on property to be arrested.

64. By virtue of the foregoing, Defendants owed Plaintiff and Decedent a duty of due care, and that duty was breached by Defendants' negligent and careless manner in hiring, training, supervising and retaining by, among other things: a) Failing to adequately train its deputies in the use of force, as well as constitutional limitations in the use of force; b) Failing to adequately train its deputies in identifying a person that presents a threat of force or violence, as opposed to one that does not; c) Failing to adequately investigate background, training and experience as a officer and his propensity for violence; d) Failing to provide adequate supervisory control over the actions of its deputies in regard to adequate training, supervision, equipment, planning, oversight, and administration; e) Failing to control the conduct of its deputies who have a known propensity for violence and in failing to discipline its deputies; f) Failing to investigate in good faith, allegations of excessive and unreasonable use of force by its deputies; g) Failing to discipline its deputies who use excessive and unreasonable force; and h) Sanctioning, condoning and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty. As a direct and proximate

cause of the aforementioned acts of Defendants, Decedent SANCHEZ was killed and Plaintiffs' have damages as set forth above and are entitled to compensatory damages according to proof at the time of trial.

65. By reason of the aforementioned policies and practices of Defendants COUNTY and DOES 1 through 10, inclusive, Plaintiffs' seeks survival damages as successors-in-interest to Decedent under this claim.

66. Under the recently passed *Senate Bill 447*, Plaintiffs, as a successor-in-interest, will also recover for any pre-death pain, suffering and disfigurement that Adrian Sanchez endured before his death. Such survival damages are now recoverable under this newly enacted statute.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF BANE ACT (CAL. CIV. CODE §52.1)

67. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1-33 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

68. Deputy BORBON including DOE DEPUTIES attempted to interfere with and did interfere with the rights of Decedent SANCHEZ' of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, by threatening and committing violent acts.

69. Deputy BORBON and DOE DEPUTIES injured Decedent SANCHEZ to prevent him from exercising his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against him for having exercised their rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure.

70. The conduct of Deputy BORBON and DOE DEPUTIES was a substantial factor in causing harm to Decedent SANCHEZ.

71. COUNTY is vicariously liable for the wrongful acts of Deputy BORBON and DOE DEPUTIES pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

72. The conduct of Deputy BORBON and DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiff to an award of exemplary and punitive damages.

73. Plaintiffs seek survival damages under this claim as a successor-in-interest to Decedent. They also seek wrongful death damages in their individual capacities and reasonable statutory attorney's fees.

74. Under the recently passed *Senate Bill 447*, Plaintiffs, as a successor-in-interest, will also recover for any pre-death pain, suffering and disfigurement that Adrian Sanchez endured before his death. Such survival damages are now recoverable under this newly enacted statute.

### SEVENTH CLAIM FOR RELIEF
### 14TH AMENDMENT SUBSTANTIVE DUE PROCESS
### DEPRIVATION OF FAMILIAL RELATIONS

75. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1-33 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

76. Plaintiff VANESSA SANCHEZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her spouse, Adrian Sanchez.

77. Deceased Adrian Sanchez also had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to

be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in each familial relationship with every Plaintiff.

78. Plaintiffs K.S., Z. S., E.S., J. S., D. S., E. S., M.D. and L.D. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprived them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference with their familial relationship with their father, Adrian Sanchez.

79. Plaintiff TINA SETTERBURG had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, Adrian Sanchez.

80. Plaintiff RAUL SANCHEZ JR. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his son, Adrian Sanchez.

81. The aforementioned actions of Deputy BORBON and DOE deputies along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of SANCHEZ and Plaintiffs, with purpose to harm unrelated to any legitimate law enforcement objective.

82. As a direct and proximate result of these actions, SANCHEZ experienced pain, agony and suffering and eventually died. BORBON thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationships with SANCHEZ.

83. As a direct and proximate cause of the acts of BORBON, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, society, care and sustenance of SANCHEZ, and will continue to be so deprived for the remainder their natural lives.

84. The conduct of BORBON was willful, wanton, malicious, and done with reckless disregard for the rights of and safety of SANCHEZ and Plaintiffs therefore warrants the imposition of exemplary and punitive damages as to Defendant BORBON.

85. Plaintiffs TINA SETTERBERG and RAUL SANCHEZ JR. bring their claims individually. Plaintiffs VANESSA SANCHEZ, K.S. and Z. S., E.S., J. S., D. S., E. S., M.D. and L.D. bring their claims individually and as successors-in-interest to SANCHEZ, and seek both survival damages and wrongful death damages. Plaintiffs also seek reasonable attorney's fees under the civil rights statute 42 U.S.C. sect. 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in his favor and against Defendants COUNTY, Deputy BORBON, DOE DEPUTIES, and DOE SUPERVISORS, inclusive, as follows:

1. For compensatory damages, including both survival damages, loss of life and opportunity for life, wrongful death damages under federal and state law, in an amount to be proven at trial;
2. For punitive damages against the individual Defendants in an amount to be proven at trial;
3. For interest;
4. For reasonable costs of this suit and attorneys' fees; and
5. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: January 27, 2022                THE SEHAT LAW FIRM, PLC

*/s/Cameron Sehat*
Cameron Sehat, Esq.
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated: January 27, 2022                THE SEHAT LAW FIRM, PLC

/s/*Cameron Sehat*
Cameron Sehat, Esq.
Attorney for Plaintiffs